UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
Liberty Center, Suite 970
Pittsburgh, Pennsylvania 15222
Telephone: (412) 644-4756
Facsimile: (412) 644-4785

Norma Hildenbrand (PA I.D. #70421)
Norma.L.Hildenbrand@usdoj.gov

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>JOHN BASISTA | CASE NUMBER: 16-24231 JAD<br><br>CHAPTER 11 |
| DEBTOR.<br>_____ | Doc. No. |
| UNITED STATES TRUSTEE, | |
| MOVANT, | Hearing Date and Time:<br>September 11, 2018 at 10:00 a.m. |
| v. | Response Deadline: |
| JOHN BASISTA | September 4, 2018 |
| RESPONDENT. | |

MOTION OF THE UNITED STATES TRUSTEE
TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7
PURSUANT TO 11 U.S.C. § 1112(b)

TO THE HONORABLE JEFFERY A. DELLER
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

1

COMES NOW, THE UNITED STATES TRUSTEE through his undersigned counsel, who respectfully moves this Honorable Court for an Order dismissing the above-referenced case, and represents as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157. Venue in this district and of this proceeding and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The United States Trustee files the within motion pursuant to 28 U.S.C. § 586(a)(3), Fed. R.Bankr. P. 1017(f)(2) and 11 U.S.C. § 1112(b). The United States Trustee has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307.

The United States Trustee is imposed with certain administrative responsibilities pursuant to 28 U.S.C. § 586(a)(3), which include the supervision of the administration of cases pending under Chapter 11. 28 U.S.C. § 586(a)(3)(G) requires the United States Trustee to monitor the progress of cases under title 11 and take such actions as the United States Trustee deems appropriate to prevent undue delay in such progress.

**BACKGROUND**

1. John J. Basista ("Debtor") filed a Voluntary Petition under chapter 13 of the United States Bankruptcy Code on November 14, 2016.

2. On August 21, 2017, the Case converted to Chapter 11. No Official Committee of General Unsecured Creditors has been appointed in this case. (*See* Doc. No. 102.)

3. The Debtor has failed to pay *any* United States Trustee Quarterly Fees and owes $10,411.63 of which $5,532.09 is delinquent.

4. The Debtor has not filed the February, March, April, and May Monthly Operating Report (MORs) and those reports are delinquent.

### CONVERSION UNDER 11 U.S.C. § 1112(b)

5. Under 11 U.S.C. § 1112(b)(1) the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

6. Once cause is established, whether to convert or dismiss is left to the sound discretion of the bankruptcy court. *In re Domiano,* 442 B.R. 97 (Bkrtcy M.D.Pa. 2010); *In re Johnson,* No. 05-39238bf, 2008 WL 696917 at *7 (Bkrtcy.E.D.Pa. Mar. 11, 2008).

7. After cause is established under § 1112(b), the burden shifts to the debtor to establish unusual circumstances that would warrant continuation of the chapter 11 case as in the best interest of the creditors and the estate. 11 U.S.C. § 1112(b)(1); *In re Kholyavka*, No. 08-10653DWS, 2008 WL 3887653 at *5 (Bkrtcy.E.D.Pa. Aug. 20, 2008).

8. Unusual circumstances contemplates conditions that are not common in chapter 11 cases. *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bkrtcy.N.D.Ill., 2009).

**Failure to Pay United States Trustee Quarterly Fees**

9. The nonpayment of any fees or charges required under chapter 123 of title 28 [28 U.S.C. §§ 1911 et seq.] is cause under 11 U.S.C. §1112(b)(4)(K) to convert or dismiss.

10. The Debtor has failed to pay *any* United States Trustee Quarterly fees as required under 28 U.S.C. § 1930(a)(6). Based on the initial MORs filed in the case, the Debtor has been billed the following fees:

| | |
|---|---|
| Quarter 3, 2017 | $   325 |
| Quarter 4, 2017 | $   325 |
| Quarter 1, 2018 | $ 4,875 est |
| Quarter 2, 2018 | $ 4,875 est. |
| Interest | $      11.63 |
| Total | $10,411.63 |

The January MOR reported a one-time disbursement following a sale and the United States Trustee Quarterly Fees are based on estimates from the last filed MOR. If the Debtor files the delinquent MORs, it is believed that the amount of the Quarterly Fees will be greatly reduced.

11. As a result of the failure to pay *any* fees mandated by 28 U.S.C. § 1930(a)(6), the Court should find that "cause" exists under 11 U.S.C. §1112(b)(4)(K).

**Failure to File Monthly Operating Reports**

12. For purposes of 11 U.S.C. § 1112(b), unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter constitutes "cause." 11 U.S.C. § 1112(b)(4)(F). *In re Stinson Petroleum Company, Inc.*, 2009 WL 5108396 at *2 (Bkrtcy.S.D.Miss. Dec. 16, 2009).

13. A debtor-in-possession is required to perform the duties specified in § 704(a)(8) which mandates the filing of periodic operating reports and summaries of the operations of the business and such other information as the United States trustee or court requires. 11 U.S.C. §§ 1107(a) & 1106(a)(1).

14. "The debtor-in-possession or trustee in a chapter 11 case shall file with the Clerk monthly statements of operations for the preceding month ("Monthly Operating Report") no later than the twentieth day of the next month." W.Pa.LBR 2015-1(f)(2).

15. The debtor-in-possession was provided with a copy of the United States Trustee's Operating Guidelines for Chapter 11 Cases which requires the debtor-in-possession to file monthly operating reports.

16. "Monthly reports and the financial disclosures contained within them 'are the life-blood of the Chapter 11 process' and are more than 'mere busy work. *In re Whetten,* 473 B.R. 380, 383 (Bankr.D.Colo.2012) (citing *In re Berryhill,* 127 B.R. 427, 433 (Bankr.N.D.Ind.1991)). Monthly operating reports provide necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's reorganization efforts. *ABCD Holdings, LLC v. Hannon (In re Hannon),* 512 B.R. 1, 19 (Bankr.D.Mass.2014) (citation omitted) (internal quotations omitted). Without these reports, the [U.S. Trustee] and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization. *In re Whetten,* 473 B.R. at 383. The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize. *Id.* at 384. Consequently, refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case. *In re Costa*

*Bonita Beach Resort, Inc.,* 513 B.R. 184, 199 (Bankr. D.P.R. 2014). The failure to file monthly operating statements ... whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings.' " *Id..*" *Andover Covered Bridge, LLC,* 553 B.R. 162, 173 (1st Cir. 2016).

17. The Debtor has failed to file the Monthly Operating Report for the months of February, March, April, and May 2018 and those reports are delinquent.

18. Failure to timely file the required monthly operating reports is "cause" to dismiss the case under 11 U.S.C. § 1112(b)(4)(F). *Id.*

WHEREFORE, the United States Trustee respectfully moves this Honorable Court to enter an Order finding that cause exists and it is in the best interest of creditors to convert the above-referenced case from Chapter 11 to Chapter 7 pursuant to 11 U.S.C. §1112(b), and granting any and all further relief as may be equitable and just.

Respectfully Submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE

Dated: July 13, 2018    By:    /s/ Norma Hildenbrand
Norma Hildenbrand, Trial Attorney
PA ID 70421
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 644-4756 Telephone
(412) 644-4785 Facsimile
Norma.L.Hildenbrand@usdoj.gov